### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| VISUAL COMFORT OF AMERICA LLC; | § | |
| SUZANNE KASLER INTERIORS INC.; | § | |
| TOB INTERNATIONAL MARKETING CORP.; | § | |
| ERIC COHLER DESIGN INCORPORATED; | § | |
| EARLE F. CHAPMAN; | § | |
| J. RANDALL POWERS ID, INC.; and | § | |
| GORALNICK DESIGN, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. [_____] |
| v. | § | |
| | § | Jury Trial Demanded |
| ELEGANT FURNITURE & LIGHTING, INC.; | § | |
| TODD E. PAWLOWSKI; | § | |
| WHOLESALE SPECIFIERS, INC.; | § | |
| JOSEPH GALLO; | § | |
| STEVE RICCI; | § | |
| and | § | |
| RICCI SALES AGENCY LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Visual Comfort of America LLC ("Visual Comfort"), *et al.* (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Elegant Furniture & Lighting, Inc. ("Elegant Lighting"), and Todd E. Pawlowski, Wholesale Specifiers, Inc., Joseph Gallo, Steve Ricci, and Ricci Sales Agency LLC, allege upon knowledge as to Plaintiffs' own acts and upon information and belief as to all other matters, as follows:

---

**COMPLAINT**                                                                                          **Page 1**

## THE PARTIES

1.      Visual Comfort is a limited liability company organized and existing under the laws of the State of Texas, and has its principal place of business at 22008 N. Berwick Dr., Houston, TX 77095 USA.  Visual Comfort has been granted the exclusive right to manufacture, reproduce, sell, display, and distribute hundreds of lamp and lighting designs, including those which are alleged herein to have been infringed by Defendants.

2.      The other plaintiffs are the owners of the intellectual property rights in the lighting designs that are the subject of this lawsuit.  All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

3.      Plaintiff Suzanne Kasler Interiors Inc. is a corporation.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

4.      Plaintiff TOB International Marketing Corp. is a corporation.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

5.      Plaintiff Eric Cohler Design Incorporated is a corporation.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

6.      Plaintiff Earle F. Chapman is an individual.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

7.      Plaintiff J. Randall Powers ID, Inc. is a corporation.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

8.      Plaintiff Goralnick Design, LLC is a limited liability company.  This Plaintiff is the intellectual property owner of at least one of the lighting designs in this matter.

9.      Elegant Lighting is a corporation organized under the laws of the State of Pennsylvania, and has its principal place of business at 117 W Clearfield Street, Philadelphia, PA 19133.

10.     The other defendants are sales representatives for Elegant Lighting.   All defendants are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

11.     Defendant Todd E. Pawlowski is an individual.

12.     Defendant Wholesale Specifiers, Inc. is a corporation.   Defendant Todd E. Pawlowski is President of Wholesale Specifiers, Inc.

13.     Defendant Joseph Gallo is an individual.

14.     Defendant Steve Ricci is an individual.

15.     Defendant Ricci Sales Agency LLC is a limited liability company.

16.     Elegant Lighting, together with the sales representative Defendants are collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

17.     Jurisdiction of this Court with respect to the claims set forth herein arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*.  Jurisdiction is also founded upon 28 U.S.C. §§ 1331, 1332 and 1338(a).  The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

18.     This Court has personal jurisdiction over Defendants because Defendants are conducting business in this State, including in this District by, *inter alia*, displaying for sale and selling lighting merchandise at the Dallas International Lighting Market, in Dallas, Texas.   In addition, Defendants have engaged in wrongful conduct with foreseeable injurious effects within this State, including this District.

---

19.     Venue in this District is appropriate pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Elegant Lighting has committed acts of infringement in this District by displaying, selling or offering for sale infringing products in this District.

## BACKGROUND FACTS

20.     Visual Comfort manufactures, sells, and distributes, *inter alia*, signature designer lamps and lighting fixtures.  Visual Comfort is a leader in the decorative lighting industry and is well known for its quality products and unique and original designs created by industry-known designers.

21.     Visual Comfort has been in the business of manufacturing, selling, and distributing ornamental lamps and decorative lighting fixtures for the residential home market since it was founded in 1987.

22.     Visual Comfort's products are marketed throughout the United States and in dozens of other countries.

23.     Visual Comfort has expended substantial resources in engaging well-known designers to create exclusive lighting designs, and in promoting, manufacturing, and selling its lighting fixtures, and has built a valuable business based on demand for its distinctively-styled, quality lighting fixtures.  For over twenty-eight years, Visual Comfort's designers have created hundreds of distinctive lighting designs, and have spent countless hours on the creation of these original designs.

24.     Visual Comfort has become identified in the mind of the relevant market as a provider of distinctively-styled, quality lighting fixtures.

25.     Visual Comfort's products are displayed and marketed via various means, including:  in permanent showrooms in High Point, North Carolina, Las Vegas, Nevada, and Dallas, Texas; in retail lighting showrooms, designer showrooms, trade showrooms, and furniture showrooms throughout the United States; and in print catalogs.

26.     From its inception, Visual Comfort has taken great effort to ensure that only original, high-quality lighting products are made and distributed under the Visual Comfort name.

27.     Visual Comfort markets and sells its lighting products in lines of collections, grouped together based on certain shared themes, motifs, and characteristics.  The design and trade dress of each line has acquired secondary meaning in the marketplace.  In the minds of the professional designers, lighting industry customers, and consumers of Visual Comfort's products, the primary significance of the trade dress of each collection identifies the collection as coming from Visual Comfort.  Each collection with a distinctive trade dress has had significant sales success.

28.     Visual Comfort's commitment to such quality and excellence is an aspect of Visual Comfort's business that sets it apart from many other lighting manufacturers.

## FACTS RELEVANT TO THE CLAIMS

29.     Elegant Lighting manufactures, sells, or otherwise distributes, *inter alia*, home furnishings and accessories, including, but not limited to, lamps and lighting fixtures.  Elegant Lighting manufactures, sells, or otherwise distributes, *inter alia*, lamps and lighting fixtures in competition with Visual Comfort.

30.     Elegant Lighting sells and markets merchandise using the trade name "Elegant Lighting" at exhibitions and trade shows in several locations in the United States.  Elegant Lighting's merchandise is sold through a variety of means, including through the sales

representative Defendants, and is promoted and available for purchase on its website, *www.elegantlighting.com*, and the websites of its customers.

31.     Elegant Lighting's website, *www.elegantlighting.com,* is accessible to the public in Texas, and, has been accessed by Texas residents.

32.     Elegant Lighting manufactured, sold, or otherwise reproduced, displayed and distributed lighting fixtures that violate the intellectual property rights and protections afforded to Visual Comfort under U.S. trademark, and unfair competition laws, the Texas Anti-Dilution Act, and Texas common law.  Elegant Lighting's infringing lighting fixtures are collectively referred to as the "Infringing Products," and individually as the "Infringing Product."  Exhibit A shows a side-by-side comparison of each Infringing Product and the particular lighting design of Plaintiffs that has been replicated by Elegant Lighting.  The lighting designs of Plaintiffs that have been replicated by Elegant Lighting are collectively referred to as the "Original Designs."

33.     Elegant Lighting and the sales representative Defendants are aware of the Original Designs sold by Visual Comfort.

34.     Visual Comfort actively advertises, markets, and otherwise promotes the Original Designs, and has incurred substantial expense in promoting the Original Designs since the 2003 introduction of the earliest of the Original Designs.

35.     The Original Designs embody a protectable trade dress in the perception of purchasers and potential purchasers of lighting fixtures.  The trade dress of the Original Designs is as shown in Exhibit A and includes the impression created by the overall appearance of the primarily non-functional elements in each collection of the Original Designs and each individual lighting fixture within each such collection, including unique and decorative candle cups, cages

around shades, four-chain hanging décors, and other individual components of the lighting designs that are consistently expressed in all of the models within a particular collection.

36.     These elements of the Original Designs are entirely unique and distinctive to the lighting industry and are immediately identifiable as originating from Visual Comfort.

37.     Visual Comfort's trade dress is widely recognized by the trade and the relevant consuming public, and has built up extensive goodwill and acquired secondary meaning among the relevant trade and public as a symbol identifying Visual Comfort as the source of origin of the Original Designs.

38.     Visual Comfort is the recipient of numerous industry awards, including winning the coveted annual ARTS (Accessories Resource Team) Award several times.

39.     Visual Comfort's catalogs, brochures, showrooms, and website are organized and designed to enhance and encompass the trade dress in the Original Designs.

40.     Since 2003, Visual Comfort has advertised the Original Designs in industry publications, and recognized industry experts have provided unsolicited press coverage of Visual Comfort's products in various industry publications.

41.     Visual Comfort's advertising and sales efforts have caused the Original Designs to be recognized as originating from a single source.

42.     As a result of the widespread sales, use and display of the Original Designs, Visual Comfort's expenditures in advertising, marketing, and otherwise promoting the Original Designs, and the knowledge and acclaim of the Original Designs in the marketplace, the Original Designs have built up secondary meaning and extensive goodwill.

43.     Distributors of the Original Designs in the State of Texas recognize the Original Designs as famous and distinctive trade dress in the State of Texas, and beyond.

2745050.1

44.     The Original Designs embody a protectable trade dress in the perception of purchasers and potential purchasers of lighting fixtures, and previously Visual Comfort has successfully enforced its rights with respect to the Original Designs.

45.     Elegant Lighting has offered for sale, sold, and otherwise distributed in the United States, lighting fixtures that infringe Visual Comfort's trade dress since at least as early as January 14, 2015.

46.     Customers, including Texas customers, can register on Elegant Lighting's website, *www.elegantlighting.com,* to obtain prices and place orders to purchase merchandise from Elegant Lighting, including the Infringing Products.

47.     Further, Elegant Lighting offers lighting merchandise for sale and sells lighting merchandise at exhibitions and trade shows, including at the Dallas International Lighting Market, in Dallas, Texas, and the High Point Market, in High Point, North Carolina.

48.     Elegant Lighting introduced the Infringing Products at the Dallas International Lighting Market from January 14-18, 2015 ("Dallas Market"), and the sales representative Defendants also commenced offering for sale and/or selling the Infringing Products at the Dallas Market.   The Dallas International Lighting Market advertises that thousands of domestic and international lighting buyers travel to the Dallas Market, serving lighting showroom retailers, interior designers, architects, and others.   *See* Exhibit B.

49.     Elegant Lighting displayed and offered for sale the Infringing Products during the Dallas Market.

50.     Texas buyers and customers regularly attend the Dallas International Lighting Market, and, Texas buyers and customers attended the Dallas Market from January 14-18, 2015, where the Infringing Products were displayed and offered for sale.

---

**COMPLAINT**                                                                                  **Page 8**

51.     Elegant Lighting was sent a letter from Visual Comfort's counsel dated April 13, 2015, which letter demanded, *inter alia*, that Elegant Lighting "immediately cease and desist from further infringement of Visual Comfort's designs, including the immediate withdrawal of the infringing collections from any and all trade shows, displays, stores, catalogs and websites … [and] … immediately cease and desist in manufacturing, importing, selling, distributing and promoting the sale of the infringing collections and/or causing the manufacturing, importing, selling, distributing and promoting the sale of the infringing collections." *See* Exhibit C.

52.     Elegant Lighting continues to violate Plaintiffs rights by continuing its infringing and other illegal activities in connection with the Infringing Products.  Plaintiffs therefore bring this action to protect Plaintiffs' rights under federal and state laws.

53.     Unless this Court enters an injunction and/or grants the other relief requested herein, Elegant Lighting will display, and will continue to sell and offer for sale the Infringing Products.

54.     Elegant Lighting intended to reap the benefit of Visual Comfort's success in the Original Designs by offering for sale and selling the Infringing Products.

55.     Visual Comfort has not licensed or otherwise authorized Elegant Lighting or the sales representative Defendants any rights to use, offer for sale, sell, advertise, promote, display, or reproduce the Original Designs, or create derivative works of the Original Designs, or to make any other uses of the Original Designs in the United States or elsewhere.

56.     The Infringing Products, and the promotional materials related thereto, have caused, and are likely to continue to cause, confusion, mistake and/or deception as to the source of origin of the Infringing Products in that the public, the trade and others are likely to believe

that the Infringing Products (including those sold, shipped and promoted by Elegant Lighting and/or the sales representative Defendants) are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Visual Comfort.

57.     Elegant Lighting's lighting fixtures are advertised, promoted, and sold in the same channels of trade and are directed to the same customers as Visual Comfort's lighting fixtures. Both Visual Comfort and Elegant Lighting rely on the internet, showrooms, trade shows, and industry publications to advertise, display and otherwise promote their products.

58.     Visual Comfort has no control over the nature, quality or pricing of the Infringing Products and promotion thereof, or any other aspect of Elegant Lighting's business conduct, thereby creating a potential adverse effect on the goodwill created in the trade dress of the Original Designs, and Visual Comfort's considerable efforts and expenditures to promote the trade dress of the Original Designs and its genuine lighting fixtures.

59.     Elegant Lighting is violating Visual Comfort's distinctive trade dress in decorative lighting fixtures and is diminishing the value of Visual Comfort's products. Elegant Lighting's unauthorized use of such trade dress is likely to erode the distinctiveness of and dilute the trade dress in the Original Designs.

60.     Defendants willfully and intentionally violated the trade dress in the Original Designs with the deliberate intention of trading on the valuable goodwill and reputation established in the trade dress of the Original Designs.

61.     Unless restrained by this Court, Elegant Lighting will continue to willfully and intentionally use, without authority from Visual Comfort, the trade dress of the Original Designs in connection with the Infringing Products.

## COUNT I
## TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

62.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

63.     Defendants' unauthorized use of a trade dress in connection with lighting fixtures for Infringing Products that have caused confusion and are likely to cause confusion with the trade dress in the Original Designs, constitutes trade dress infringement, false designation of origin, false or misleading description of fact, and false or misleading representation of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Texas common law, to the substantial and irreparable injury of the public and of Visual Comfort, including its business reputation and goodwill.

64.     By such wrongful acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs, to sales representatives and distributors who legitimately sell Visual Comfort's products, and to the goodwill associated with the distinctive trade dress in the Original Designs, including diversion of customers, lost sales, and lost profits.

65.     Plaintiffs have no adequate remedy at law.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

66.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

67.     Defendants' aforementioned acts constitute trademark infringement and unfair competition under Texas common law.

68.     Plaintiffs have been damaged by Defendants' aforementioned acts.

**COUNT III**
**INJURY TO BUSINESS OR REPUTATION; DILUTION OF TRADEMARKS UNDER**
**THE TEXAS ANTI-DILUTION ACT**

69.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

70.     The trade dress in the Original Designs is famous and distinctive in the lighting fixture trade, including within the State of Texas, and had become famous and distinctive in the lighting trade and throughout the State of Texas prior to Elegant Lighting's first unauthorized use thereof, as alleged.

71.     Defendants' aforementioned acts are likely to cause dilution by blurring the distinctive quality of the trade dress in the Original Designs, and dilution by tarnishment of the goodwill and reputation of the trade dress in the Original Designs, in violation of the Texas Anti-Dilution Act, Tex. Bus. & Comm. Code § 16.103.

72.     Defendants' willfully intended to trade on Visual Comfort's reputation, the reputation of the trade dress in the Original Designs, and/or to cause dilution of the trade dress in the famous and distinctive Original Designs.

73.     Defendants' aforementioned acts have damaged, and will continue to damage, Plaintiffs and the reputation and goodwill of Plaintiffs.

74.     Plaintiffs have no adequate remedy at law.

**COUNT IV**
**UNJUST ENRICHMENT**

75.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

76.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiffs' expense, under the common law of the State of Texas.

---

2745050.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

1.      That the Court preliminarily and permanently enjoin and restrain Elegant Lighting, and anyone acting in concert with Elegant Lighting, pursuant to 15 U.S.C. §§ 1116 and 1125; 17 U.S.C. §§ 501 and 502; Texas Bus. & Com. Code § 16.103 and Texas C.P.R.C. § 41.001, *et seq.* from:

> (a)     infringing the trade dress in the Original Designs;
>
> (b)     unfairly competing with Visual Comfort; and
>
> (c)     diluting the trade dress in the Original Designs.

2.      That Defendants be ordered to account for and pay to Visual Comfort the actual damages suffered by Visual Comfort, including any profits derived from Defendants' willful acts of infringement, false designation of origin, and unfair competition, together with interest.

3.      That the Court award Visual Comfort treble damages and prejudgment interest pursuant to 15 U.S.C. §§ 1117 and 1125.

4.      That the Court award Visual Comfort its costs in this action, together with reasonable attorneys' fees, as provided in 15 U.S.C. § 1117(a), and/or any other applicable provision.

5.      That Defendants be required to account for and deliver up to Visual Comfort, for impoundment during pendency of this action and for destruction thereafter, all lighting fixtures infringing upon the trade dress in the Original Designs, pursuant to 15 U.S.C. §§ 1118 and 1125, 17 U.S.C. § 503, and Texas Bus & Com. Code § 16.103.

6.     That Defendants be found jointly and severally liable for all such damages, profits, fees and costs.

7.     That Visual Comfort be awarded such other and further relief, general and special, at law or in equity that this Court, in its discretion, may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all triable issues.


Dated:  June 23, 2015                                Respectfully submitted,

                                                    By:/s/April R. Terry
                                                    April R. Terry
                                                    ATTORNEY-IN-CHARGE
                                                    Federal Bar No. 24205
                                                    SBT:  00794248
                                                    Email: aterry@grayreed.com
                                                    Gray Reed & McGraw, P.C.
                                                    1601 Elm Street, Suite 4600
                                                    Dallas, Texas 75201
                                                    Phone: (469) 320-6130
                                                    Fax: (469) 320-6828


OF COUNSEL:                                          Diane Duhaime
                                                    Connecticut Bar No. 407420
                                                    Email: dduhaime@cfjblaw.com
                                                    To be admitted pro hac vice
                                                    CARLTON FIELDS JORDEN BURT, P.A.
                                                    One State Street
                                                    Suite 1800
                                                    Hartford, CT 06103
                                                    Phone: (860) 392-5000
                                                    Fax:    (860) 392-5058

Ethan Horwitz
New York Bar No. 1073881
Email:  ehorwitz@cfjblaw.com
To be admitted pro hac vice
CARLTON FIELDS JORDEN BURT, P.A.
Chrysler Center
405 Lexington Avenue
29th Floor
New York, NY 10174
Phone: (212) 785-2577
Fax:    (212) 785-5203

*Attorneys for Plaintiffs,*
*Visual Comfort of America LLC, et al.*